UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRIA TOPSKI,

       Plaintiff,                       Case No. 25-cv-10197

-v-

L.V. MANAGEMENT, INC., d/b/a
ANDIAMO BANQUET CENTER,
THE COUNTRY INN, COUNTRY INN OF
GARFIELD, and COUNTRY
INN PROPERTIES, LLC, Jointly &
Severally,

       Defendants.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    NOW COMES the plaintiff, Alexandria Topski, by and through her counsel, The Niskar Law Firm, PLLC, and for her complaint against the defendants, jointly and severally, respectfully states unto this Honorable Court as follows:

-1-

## A. Statement of Jurisdiction and Venue

1. Plaintiff is a resident of the County of Macomb, State of Michigan.

2. Defendant, L.V. Management, Inc., which does business as Andiamo Banquet Center, is a Michigan corporation with its principal place of business located in the City of Warren, County of Macomb, State of Michigan, which regularly conducts operations within the geographic region constituting the Eastern District of Michigan, Southern Division.

3. Defendant, The Country Inn, is a Michigan company with its principal place of business located in the County of Macomb, State of Michigan, which regularly conducts operations within the geographic region constituting the Eastern District of Michigan, Southern Division.

4. Defendant, Country Inn of Garfield, is a Michigan company with its principal place of business located in the County of Macomb, State of Michigan, which regularly conducts operations within the geographic region constituting the Eastern District of Michigan, Southern Division.

5. Defendant, Country Inn Properties, LLC, is a Michigan limited liability company with its principal place of business located in the County of Macomb, State of Michigan, which regularly conducts operations within the geographic region constituting the Eastern District of Michigan, Southern Division.

6. The pertinent events giving rise to this cause of action occurred in whole or

substantial part in the County of Macomb, in the State of Michigan, and thus within the Eastern District of Michigan, Southern Division.

7. As the defendants have their principal places of business within, regularly conduct their operations in, and all pertinent events giving rise to this action occurred within the Eastern District of Michigan, Southern Division, this Honorable Court possesses personal jurisdiction over the defendants, and venue is proper pursuant to 28 USC § 1391.

8. Plaintiff alleges violations of the Family & Medical Leave Act of 1993, 29 USC § 2601, *et seq*. ("FMLA"). Therefore, this Honorable Court possesses original subject matter jurisdiction pursuant to 28 USC § 1331 and 29 USC § 2617(a)(2). This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

### B. Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

9. Plaintiff began working for L.V. Management, Inc., doing business as Andiamo Banquet Center (hereafter "Andiamo") in 2015, and was most recently employed as a server and bartender.

10. Andiamo has 50 or more employees at, or within a 75 mile radius of its Warren, Michigan, banquet facility for each working day during each of 20 or more calendar workweeks in each of the years 2023 and 2024.

11. At the time of the events at issue in this case, plaintiff simultaneously also

-3-

worked for defendants, The Country Inn, Country Inn of Garfield, and Country Inn Properties, LLC (collectively "Country Inn") as a manager of their Country Inn restaurant location in Clinton Township, Michigan.

12. Andiamo and Country Inn shared and had an interrelation of operations, common management, common ownership, common control, common directors and officers, and centralized control of personnel and labor matters, and were therefore integrated employers of plaintiff, joint employers of plaintiff and/or agents of each other for purposes of liability under the FMLA and Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq*. ("PWDCRA").

13. Plaintiff suffers from Type 1 diabetes.

14. On or about July 29, 2024, while working a manager shift at Country Inn, plaintiff experienced a medical emergency involving her diabetes in which her blood sugar level(s) became severely elevated.

15. At or around 8:29 a.m. that morning, plaintiff contacted a manager, notified the manager that she was having a diabetic emergency, notified the manager that she needed to leave work to treat her diabetic emergency, and texted the manager a photo of the blood sugar monitor displaying her severely elevated blood sugar level.  The manager refused to relieve plaintiff, refused to allow or provide for any reasonable accommodation, and refused plaintiff's request to leave work to treat her diabetic emergency.

16. Plaintiff contacted her general manager, William Walther at or around 8:49 a.m. that same morning, notified him that she was having a diabetic emergency, notified him that she needed to leave work to treat her diabetic emergency, and texted him a photo of the blood sugar monitor displaying her severely elevated blood sugar level.  Mr. Walther refused to relieve plaintiff, refused to allow or provide for any reasonable accommodation, and refused plaintiff's request to leave work to treat her diabetic emergency.

17. Plaintiff also attempted to contact a previously-employed former manager who, on an as-needed basis, continued to occasionally work a manager shift at the Country Inn restaurant when coverage was needed.  The former manager indicated that she was not able to provide coverage on that day.

18. At or around 10:17 a.m. that morning, plaintiff attempted to call the general manager, Mr. Walther, but he did not answer his phone and did not call her back.

19. Sometime around 1:30 p.m., plaintiff ran out of insulin and felt extremely sick.  Due to the emergent nature of her condition, plaintiff took a leave of absence from work at around 3:30 p.m. to treat her diabetic emergency.  She left a co-worker in charge, and continued to communicate with, provide guidance to, and provide instruction to the co-worker during the brief period of leave.

20. Plaintiff treated her condition while on leave, recovered from the diabetic

episode, and once able she returned to work at around 6:00 p.m. that same day.

21. On July 31, 2024, plaintiff was called into a meeting with Mr. Walther and another manager during which Mr. Walther told plaintiff that she was terminated from both of her jobs (i.e., her manager job with Country Inn and her server and bartending job with Andiamo) for taking the leave from work at the Country Inn restaurant on July 29, 2024 to address her diabetic emergency. Mr. Walther stated that the common owner of Country Inn and Andiamo made the decision to terminate her employment from both jobs.

22. Defendants terminated plaintiff's employment, in whole or in substantial part because of her taking of the aforementioned leave on July 29, 2024.

23. Defendants utilized plaintiff's period of absence from work on July 29, 2024 as a basis for and/or as a negative factor in their decision to terminate plaintiff's employment from both jobs.

24. Defendants terminated plaintiff's employment in violation of the entitlement/interference provisions, and anti-retaliation provisions of the FMLA, and the regulations promulgated thereunder.

25. Defendants denied plaintiff reasonable accommodation and thereafter terminated plaintiff's employment in violation of her rights under the PWDCRA.

26. Defendants knew, or should have known, that the denial of plaintiff's leave

rights and the termination of her employment from each of her jobs violated the FMLA and/or the PWDCRA.

27. Defendants did not act in good faith toward plaintiff, and likewise did not act under a reasonable belief that they were complying with the FMLA.

### C. Count I – Violation(s) of the Family and Medical Leave Act, 29 USC § 2601, *et seq.*

Plaintiff incorporates all prior averments, as if fully set forth herein.

28. As of July 29, 2024, plaintiff qualified as, and was an eligible employee of the defendants under the FMLA, and the regulations promulgated thereunder.

29. Defendants, individually and/or collectively, qualified as employers of the plaintiff under the FMLA, and the regulations promulgated thereunder.

30. Plaintiff was qualified for the job positions she held with defendants.

31. As of July 29, 2024, plaintiff was qualified for FMLA leave under 29 USC § 2611 and 29 USC § 2612.

32. Plaintiff's medical condition(s) requiring the aforementioned leave of absence constituted a "serious health condition" or "serious health conditions" within the meaning of 29 USC § 2612 and 29 CFR §§ 825.113-115.

33. Plaintiff provided defendants with adequate, timely and sufficient notice under the circumstances of her need for leave under the FMLA.

34. Prior to terminating plaintiff, defendants did not make proper inquiry to determine if plaintiff's at-issue absence and/or reinstatement rights was/were subject to rights and protections under the FMLA and/or the regulations promulgated thereunder, and/or likewise did not act under a reasonable belief that they were complying with the FMLA, and regulations promulgated thereunder, when they refused plaintiff her leave rights, terminated her employment because she took her FMLA-protected leave, and/or refused plaintiff her proper reinstatement rights following her leave of absence.

35. Defendants engaged in conduct prohibited by the FMLA, and the regulations promulgated thereunder, including but not limited to:

   a. Improperly denying plaintiff leave rights under the FMLA;
   b. Improperly terminating plaintiff in violation of the FMLA;
   c. Improperly failing to timely, fully and properly reinstate plaintiff to her prior job positions, or equivalent position(s) at the conclusion of her FMLA leave;
   d. Improperly failing to maintain plaintiff's employment benefits during the time period plaintiff was entitled to under the FMLA;
   e. Improperly failing to timely, adequately and appropriately comply with the regulations promulgated under the FMLA;
   f. Improperly interfering with plaintiff's leave and reinstatement rights under the FMLA;
   g. Improperly and unlawfully retaliating against plaintiff for exercising her rights and protections under the FMLA, and the regulations promulgated thereunder;
   h. Improperly utilizing FMLA-protected period(s) of absence and/or plaintiff's exercise of rights under the FMLA as a negative factor in the decision to terminate plaintiff's employment from each job; and
   i. Wilfully, intentionally, and purposely violating plaintiff's rights under the FMLA, and otherwise engaging in bad faith violations of

the FMLA, as well as violating the requirements of the FMLA without reasonable basis to conclude their actions complied with the FMLA.

36. As a direct and proximate result of the defendants' violations of the FMLA and the regulations promulgated thereunder, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages set forth in 29 USC § 2617, including but not limited to lost wages, lost overtime wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, interest, costs of litigation, attorney fees and liquidated damages equal to the sum set forth in 29 USC § 2617. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

37. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendants to reinstate plaintiff to her former positions, compelling defendants to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that the defendants violated the FMLA in the aforementioned ways, enjoining defendants from further violations of the FMLA against plaintiff and others, enjoining defendants from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the FMLA, and

enjoining defendants from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, compensatory damages, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, liquidated damages, costs, interest, etc.

### D. Count II – Violation(s) of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq* – Disability Discrimination; Failure to Accommodate; and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

38. Plaintiff has at all pertinent times been a person with a disability within the meaning of MCL § 37.1103(g) whose disability qualifies as such under MCL § 37.1103(d).

39. Defendants were, individually and/or collectively, at all pertinent times employers of plaintiff within the meaning of MCL § 37.1201(b), and are subject to the prohibitions against discrimination on the basis of disability contained in the PWDCRA.

40. Plaintiff was qualified for the job positions she held with defendants.

41. Defendants failed and/or refused to provide plaintiff with one or more reasonable accommodation(s), including a leave of absence; failed to afford her full leave rights; failed to afford her full reinstatement rights; terminated her employment due to the leave time plaintiff took and/or needed as an

-10-

accommodation; and/or failed to timely and properly reinstate plaintiff into her job positions.

42. Defendant violated the PWDCRA by, and is liable to plaintiff under the PWDCRA for:

   a. Terminating plaintiff because of her disability, because defendants regarded plaintiff as having a disability, and/or because plaintiff has/had a record of having a disability;
   b. Failing to afford and/or allow plaintiff a reasonable accommodation, including but not limited to a leave of absence and/or a sufficient leave of absence;
   c. Failing to engage in the mandatory interactive process with plaintiff to determine the need for accommodation, the existence and nature of one or more reasonable accommodations, and/or the extent of the needed accommodation(s);
   d. Failing to timely and properly reinstate plaintiff to her pre-leave job position(s), or sufficiently equivalent position(s); and/or
   e. Retaliating against plaintiff by denying her reasonable accommodation and/or terminating her employment from both jobs for exercising rights under the PWDCRA and/or engaging in activity protected by the PWDCRA, including but not limited to requesting leave as an accommodation, taking of leave as an accommodation, and/or seeking and requesting timely and proper reinstatement to her pre-leave job position(s) or one or more sufficiently equivalent position(s).

43. Defendants' violations of the PWDCRA were done with malice and/or reckless indifference to plaintiff's rights, thereby subjecting defendants to exemplary damages, in addition to all other damages available at law.

44. As a direct and proximate result of defendants' violations of the PWDCRA, plaintiff suffered emotional distress, mental anguish, pain and suffering.

45. As a direct and proximate result of defendants' violations of the PWDCRA, plaintiff suffered economic damages including loss of wages/salary, loss of

overtime wages, consequential damages, the value of lost benefits, back pay, front pay, and any incurred medical expenses.

46. Plaintiff hereby seeks the recovery of all compensatory (past and future economic and non-economic damages) available under the law, litigation costs, interest, and all exemplary damages available at law, as well as all attorney fees incurred in having to investigate, pursue, litigate and prosecute her claims pursuant to the PWDCRA.

47. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendants to reinstate plaintiff to her former positions, compelling defendants to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that defendants violated the PWDCRA in the aforementioned ways, enjoining defendants from further violations of the PWDCRA against plaintiff and others, enjoining defendants from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the PWDCRA, and enjoining defendants from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic damages, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, exemplary damages, costs, interest, etc.

WHEREFORE the plaintiff respectfully requests this Honorable Court to enter judgment in her favor, and against the defendants, jointly and severally, for all compensatory damages (past and future economic and non-economic damages), liquidated damages, exemplary damages available under the law, as well as all litigation costs, interest, and attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the FMLA and the PWDCRA.

        Respectfully submitted,

        THE NISKAR LAW FIRM, PLLC

        By: /s/ Joey S. Niskar
        JOEY S. NISKAR (P55480)
        Attorney for Plaintiff
        P.O. Box 252917
        West Bloomfield, MI  48325
        (248) 702-6262

Dated:  January 21, 2025        joey@wrongfullydischarged.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRIA TOPSKI,

       Plaintiff,                                     Case No. 25-cv-10197

-v-

L.V. MANAGEMENT, INC., d/b/a
ANDIAMO BANQUET CENTER,
THE COUNTRY INN, COUNTRY INN OF
GARFIELD, and COUNTRY
INN PROPERTIES, LLC, Jointly &
Severally,

       Defendants.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

_____/

## **DEMAND FOR JURY TRIAL**

     NOW COMES the plaintiff, Alexandria Topski, by and through her attorneys, The Niskar Law Firm, PLLC, and hereby demands a trial by jury on all issues, claims and defenses in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THE NISKAR LAW FIRM, PLLC |
|  | By: /s/ Joey S. Niskar<br>JOEY S. NISKAR (P55480)<br>Attorney for Plaintiff<br>P.O. Box 252917<br>West Bloomfield, MI  48325<br>(248) 702-6262 |
| Dated:  January 21, 2025 | joey@wrongfullydischarged.com |